# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON

**JON PAUL CLEMENTS,**

      **Movant,**

**v.**                              **Case No. 2:16-cv-05677**
                                           **Case No. 2:14-cr-00174**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 82). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

On August 19, 2014, Movant, Jon Paul Clements (hereinafter "Defendant"), was indicted on three counts of distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1). On September 30, 2014, the grand jury issued a superseding indictment charging Defendant with four counts of distribution of a quantity of heroin in violation of 21 U.S.C. § 841(a)(1). (ECF No. 20). On October 14, 2014, the United States of America ("the government") filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant of its intent to rely on his prior West Virginia conviction for possession with intent to distribute marijuana, in violation of W. Va. Code § 60A-4-401, to seek an

enhanced statutory sentencing range if Defendant was convicted on any of the counts of the superseding indictment.  (ECF No. 35).

However, on October 20, 2014, the government dismissed the Information to support the § 851 enhancement, and Defendant pled guilty, without the benefit of any plea agreement, to all four counts of the superseding indictment.  (ECF Nos. 44-47). Defendant had been represented by court-appointed counsel Gregory J. Campbell. However, on January 16, 2015, Defendant moved for appointment of new counsel to represent him.  (ECF No. 49).  Following a hearing, that motion was granted and attorney John A. Carr was appointed to represent Defendant.

On April 29, 2015, Defendant was sentenced to a 168-month term of imprisonment, followed by a three-year term of supervised release, and was ordered to pay a $400 special assessment.  A Judgment to that effect was entered on May 1, 2015. (ECF No. 61).

Over Defendant's objection, his sentencing guideline calculation included an enhancement under USSG § 4B1.1 for being a career offender, because he had two prior felony convictions that qualified either as a controlled substance offense or a crime of violence, as defined in USSG § 4B1.2.[1]  With the career offender enhancement, Defendant's sentencing guideline range was 168-210 months.  (*Id.* at 1-2).  Without such enhancement, Defendant asserts that his sentencing guideline range would have been 15-21 months of imprisonment.  (ECF No. 91 at 2).

On May 7, 2015, Defendant appealed his sentence to the United States Court of Appeals for the Fourth Circuit and was appointed new counsel, Thomas J. Gillooly, to

---

[1]  Specifically, Defendant had 2002 West Virginia convictions for malicious wounding and first-degree robbery, as well as the 2014 West Virginia conviction for possession with intent to distribute marijuana discussed above.  (ECF No. at 1).

represent him.  Although Defendant argued that the district court did not properly weigh the factors under 18 U.S.C. § 3553(a) in deriving his sentence, he did not specifically argue that any of his prior convictions were not appropriate predicate offenses under the career offender guideline.  On February 16, 2016, the United States Court of Appeals for the Fourth Circuit affirmed Defendant's Judgment.  *United States v. Clements*, No. 15-4264 (Feb. 16, 2016).  (ECF No. 74).  Defendant did not seek a writ of certiorari in the Supreme Court of the United States.  Accordingly, his Judgment became final on or about May 16, 2016.

On June 14, 2016, the Office of the Federal Public Defender was appointed to represent Defendant for the purpose of determining whether he is entitled to any relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.[2]

On June 23, 2016, Defendant, by counsel, filed the instant Emergency Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 43), asserting that Defendant is entitled to relief under *Johnson*.  Although Defendant was not sentenced under the ACCA, the

---

[2]  The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses.  18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The ACCA defines a "violent felony" as a crime punishable . . . by imprisonment for a term exceeding one year . . . that

> (i)       has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)      is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added).  Subsection (i) is known as the "elements" or "force" clause.  The first part of subsection (ii) is known as the "enumerated offense" clause.  The emphasized portion of subsection (ii) is known as the "residual" clause.

career offender guideline has a similar residual clause. Thus, Defendant asserts that the rationale in *Johnson* should extend to the residual clause of the career offender guideline and render his sentencing enhancement thereunder invalid.

On October 4, 2016, Defendant, by counsel, filed a Supplement to his section 2255 motion. (ECF No. 91). On November 9, 2016, the United States of America filed a Response to Defendant's section 2255 motion, asserting numerous grounds for dismissal or denial thereof. (ECF No. 93). Defendant, by counsel, filed a Reply (ECF No. 94), and he also filed two *pro se* Supplemental Replies (ECF No. 95 and 96), which will be discussed as necessary *infra*.

## ANALYSIS

### A.    Defendant is not entitled to any relief in light of *Johnson*.

The court can quickly dispose of Defendant's claim that he is entitled to relief under the Supreme Court's decision in *Johnson*. Defendant argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the

4

Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

On August 21, 2017, the Fourth Circuit issued a decision in *United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017), holding that *Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to the ACCA's invalidated residual clause, and, thus, there is no "recognized" right to retroactive collateral review of a Guideline sentence thereunder. Therefore, *Johnson* is inapplicable to Defendant's case and affords him no relief.

**B.    Defendant is not entitled to any relief under section 2255 in light of *Descamps*, *Mathis*, or *Hinkle*.**

On June 12, 2017, Defendant filed a *pro se* Supplemental Reply ("Second Supplemental Reply") (ECF No. 96), in which he asserts that, notwithstanding the fact that *Beckles* bars his *Johnson* claim, he is still entitled to relief under section 2255 because he was not properly found to be a career offender in light of the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), and a decision by the United States Court of Appeals for the Fifth Circuit in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).   All of these decisions address the proper application of the categorical approach in determining whether a prior conviction is a proper predicate offense for a sentencing enhancement. Specifically, Defendant claims that both of his prior state convictions for malicious wounding and possession with intent to distribute marijuana no longer qualify as predicate offenses for the career offender guideline enhancement after these decisions.

However, Defendant is not entitled to relief under any of these decisions because none of the cited cases concern a new rule of constitutional law that has been made

retroactive on collateral review. *See, e.g., Walker v. Kassell*, No. 18-6019, 726 F. App'x 191 (4th Cir. June 13, 2018); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (*Mathis* did not announce a new rule of constitutional law and has not been declared retroactive); *Kane v. United States*, No. 1:16-cv-00146, 2016 WL 7404720, at \*4 (W.D.N.C. Dec. 21, 2016); *Payton v. United States*, No. 06-cr-0341, 2016 WL 6996743, at \*2 (D. Md. Nov. 30, 2016) (*Descamps*, which was decided in 2013, is not a new rule of constitutional law made retroactive to cases on collateral review); *United States v. Gentry*, No. 5:16-cv-448, 2017 WL 4081875, at \*2 (E.D. Ky. Aug. 4, 2017) ("a Fifth Circuit holding cannot create or set forth a new rule of constitutional law, let alone create a new rule that could retroactively apply to cases on collateral review.")  Thus, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to any relief under section 2255 based upon his arguments relying on *Descamps*, *Mathis*, or *Hinkle*.

## <u>RECOMMENDATION</u>

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 82), as supplemented, and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and

then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

September 24, 2018

Dwane L. Tinsley
United States Magistrate Judge