IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JON PAUL CLEMENTS

        Petitioner,

v.     CIVIL ACTION NO.   2:16-cv-05677
       (Criminal No. 2:14-cr-00174-1)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

### I.     Introduction

Pending before the court is the petitioner's Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 82]. This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended that the court deny the petitioner's § 2555 motion.

The petitioner timely filed written objections [ECF No. 102], and the Government did not respond. Having reviewed de novo the portions of the PF&R to which the petitioner objects, the court **FINDS** that the petitioner's arguments are without merit and **DENIES** the petitioner's § 2255 Motion [ECF No. 82].

II.  Factual Background

Because neither party objects to the Magistrate Judge's factual findings, the court adopts and incorporates them in full.

III.  Legal Standard

When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews de novo those portions of the Magistrate Judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party files an objection that is too general or conclusory to focus attention on any specific error supposedly committed by the Magistrate Judge, the court need not conduct a de novo review. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 316 (4th Cir. 2005); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, when a party fails to object to a portion of the Magistrate Judge's report, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Diamond*, 416 F.3d at 315. The court has discerned two objections, which I will be discuss in turn.

IV.  Discussion

  1. *Teague v. Lane* and Its Progeny Provide the Correct Analytical Framework

The petitioner first objects to the Magistrate Judge failing to consider the merits of his *Descamps*, *Mathis*, and *Hinkle* arguments as outlined in his pro se filing [ECF No. 96]. [1] These decisions ("the Predicate Offense Cases") address the

---

[1]  *Descamps v. United States*, 570 U.S. 254 (2013); *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

application of the categorical approach when determining whether a prior conviction is a predicate offense for the career offender guideline sentencing enhancement. Specifically, under the Predicate Offense Cases, the petitioner argues that two of his felony convictions are no longer considered predicate offenses under § 4B1.2 of the *United States Sentencing Guidelines*.

The Magistrate Judge found that the petitioner could not rely on the Predicate Offense Cases because none of those cases announced a new rule of constitutional law that has been made retroactive on collateral review. [ECF No. 99 at 5–6]. However, because the petitioner's § 2255 Motion was filed within one year of his judgment becoming final and is not a second or successive petition, relying on whether the Predicate Offense Cases announced a new rule of constitutional law made retroactive was error. *Compare* § 2255(f)(1) (a § 2255 motion may be filed within one year of "the date on which the judgment of conviction becomes final") *with* § 2255(f)(3) (if after one year from the conviction becoming final, then, inter alia, a year from "the date on which the right asserted was initially recognized by the Supreme Court"); *see also United States v. Thomas*, 627 F.3d 534, 536 (4th Cir. 2010) (recognizing that a new right under 2255(f)(3) can be based "upon the ground that the sentence was imposed in violation of the Constitution *or* laws of the United States") (emphasis added); *cf.* § 2255(h) (second petitions require, inter alia, "a new rule of constitutional law").

Instead, *Teague* and its progeny provide the correct analytical framework as to whether the petitioner can make substantive arguments under the Predicate

3

Offense Cases on collateral review. To that extent, the petitioner's objection is sustained. Nevertheless, as discussed below, his § 2255 Motion still fails.

### a. *Teague v. Lane*

"In *Teague* and subsequent cases, [the Supreme Court has] laid out the framework to be used in determining whether a rule announced in one of [its] opinions should be applied retroactively to judgments in criminal cases that are already final on direct review." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). Under the *Teague* framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." *Id.* "A new rule is defined as a rule that was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* at 416. "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (internal quotes omitted).

"A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro*, 542 U.S. at 353 (citations omitted). "Procedural rules, by contrast, 'regulate only the *manner*

4

*of determining* the defendant's culpability.'" *Welch*, 136 S. Ct. at 1265 (quoting *Schriro,* 542 U.S. at 353). "Such rules alter the range of permissible methods for determining whether a defendant's conduct is punishable." *Id.* (internal quotes omitted). "They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Schriro*, 542 U.S. at 352.

Ultimately, as discussed below, whether the Predicate Offense Cases contain old rules or new rules, or are considered procedural or substantive, none of them help the petitioner.

### b. Career Offender Guideline

At the time the petitioner was sentenced, a defendant was a career offender if, inter alia, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (Nov. 2014).[2]

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) Has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) Is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

---

[2] "The court shall use the Guidelines manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a). The following discussion is consistent with and refers to the 2014 manual.

5

§ 4B1.2(a).

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."

§ 4B1.2(b).

First, the defendant was convicted in West Virginia for unlawful wounding. He argues that unlawful wounding is not "a violent offense for the purpose of enhancing a statutory offense or a Sentencing Guidelines provision." [ECF No. 96 at 3]. He relies on a district court sentencing transcript for support. Transcript of Proceedings at 3–8, *United States v. Covington*, No. 2:14-cr-00006 (S.D. W. Va Jan. 25, 2017), ECF No. 126. The Fourth Circuit, however, overruled that district court and found that unlawful wounding in West Virginia *is* a crime of violence under the "force clause" of § 4B1.2(a)(1). *United States v. Covington*, 880 F.3d 129, 133 (2018); *see also United States v. Cobbs*, 274 F. Supp. 3d 390, 395 (S.D. W. Va. 2017) (Goodwin, J.) ("It strains the bounds of credulity to suggest that the intentional wounding of another—whether it be by poison, trap, or some fantastical means—is not a crime of violence"). Therefore, unlawful wounding remains a predicate offense.

Second, the petitioner was convicted of first-degree robbery in West Virginia, which qualifies as a crime of violence under § 4B1.2(a)(1). *See United States v. Salmons*, 873 F.3d 446, 449 (4th Cir. 2017). To be sure, *Salmons* decided whether a

1961 version of the first-degree robbery statute satisfied the force clause. *See Salmons*, 873 F.3d at 449.

The applicable part of the 1961 version reads as follows:

> If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years.

W. Va. Code § 61-2-12 (1961) (errors in original). The current version, and the version of which the petitioner was convicted, is substantially similar and, at least for first degree robbery, is merely a restyling of the prior version:

> (a) Any person who commits or attempts to commit robbery by:
>
> > (1) Committing violence to the person, including, but not limited to, partial strangulation or suffocation or by striking or beating; or
> >
> > (2) uses the threat of deadly force by the presenting of a firearm or other deadly weapon, is guilty of robbery in the first degree and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than ten years.

W. Va. Code § 61-2-12 (West 2018). Being that there is no substantive difference, I find that West Virginia's current version of first-degree robbery also satisfies the force clause and is a crime of violence. *See* § 4B1.2(a)(1); *Salmons*, 873 F.3d at 449 (adopting the district courts finding that "it would "strain credulity" and "be a surprise to anybody" if West Virginia aggravated robbery were found not to be a crime

7

of violence"). As such, the petitioner's first-degree robbery also serves as a predicate offense to the career offender guideline. Therefore, the petitioner has two offenses which qualify as predicate offenses subjecting him to the enhancement. *See* § 4B1.1(a)(3).

Alternatively, the defendant's convictions may still be counted as predicate offenses pursuant to the "residual clause" of the guideline—i.e., as felonies that "otherwise involve[] conduct that present[] a serious potential risk of physical injury to another." §4B1.1(2); *see Beckles v. United States*, 137 S. Ct. 886, 895 (2017) ("[E]ven if a person behaves so as to avoid an enhanced sentence under the career-offender guideline, the sentencing court retains discretion to impose the enhanced sentence."). In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. Recently, however, it also held that *Johnson* did not extend to the *advisory* sentencing guidelines. *Beckles*, 137 S. Ct. at 892. Thus, because the petitioner was sentenced after the Sentencing Guidelines were made advisory in the 2005 Supreme Court decision *United States v. Booker*,[3] even if the petitioner's felony convictions did not qualify as predicate offenses via the force clause, they still fall within the scope of the residual clause.

Finally, the petitioner argues that *Hinkle*, a Fifth Circuit case interpreting the Texas Controlled Substance Act, is controlling. He argues that the analog West

---

[3] 543 U.S. 220 (2005).

Virginia statute covering his drug offense is similarly worded and thus should not count as a predicate offense as a "controlled substance offense." But because the unlawful wounding and robbery qualify as predicate offenses, the court need not address whether his drug offense is also a predicate offense under the career offender guideline. *See* § 4B1.2(c) ("Two prior felony convictions" includes "two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense.")

### 2. *Brown* is inapplicable.

The petitioner also contends that because of the timing of his § 2255 Motion, the Magistrate Judge should have analyzed his case according to Judge Gregory's dissent in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017). It is unclear, however, to what extent the dissent in *Brown* is applicable or even helpful to the plaintiff.

*Johnson*, of course, held that the residual clause of the ACCA was unconstitutionally vague. 135 S. Ct. at 2563. *Beckles* decided whether the same language in the sentencing guidelines was also unconstitutionally vague. *Beckles*, 137 S. Ct. at 892. The Court found that it was not. *Id.* The issue before the Fourth Circuit in *Brown* was whether *Johnson* still applied to the residual clause of pre-*Booker* Sentencing Guidelines; i.e., whether the *mandatory* guidelines were unconstitutionally vague in light of *Johnson*. But the Fourth Circuit held that

9

"*Johnson* only recognized that *ACCA*'s residual clause was unconstitutionally vague, . . . it did not touch upon the residual clause [in pre-*Booker* Guidelines]." *Brown*, 868 F.3d at 303 (emphasis added).

The reason that *Brown* and Judge Gregory's dissent are inapposite is that the petitioner was sentenced on May 1, 2015, when the Sentencing Guidelines were *already* advisory. Thus, a finding that pre-*Booker* guideline applications were unconstitutionally vague would be of no help to the petitioner.

### V. Conclusion

For the foregoing reasons, the court **SUSTAINS in part and OVERRULES in part** the petitioner's objections [ECF No. 102], **ADOPTS** the PF&R [ECF No. 99] to the extent it is consistent with this Memorandum Opinion and Order, and **DISMISSES with prejudice** the petitioner's § 2255 Motion [ECF No. 82].

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: December 14, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE